AO108(2/90) Application for Seizure Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

funds in SunTrust Bank account
#xxxxxxxxx9769,
held in the name of Gerald Dulic,
up to $80,000.00

**AFFIDAVIT AND APPLICATION FOR SEIZURE WARRANT**

CASE NUMBER:

I, __Ryan Petrasek__ being duly sworn depose and say:

I am a __Special Agent with the United States Secret Service__ and have reason to believe that within the jurisdiction of this Court there is now certain property that is subject to forfeiture to the United States, namely: (describe the property to be seized):

>funds in SunTrust Bank account #xxxxxxxxx9769,
>held in the name of Gerald Dulic, up to $80,000.00

which is/are: (state one or more bases for seizure under the United States Code)

>property constituting, or derived from any proceeds obtained directly or indirectly, as the result of one or more violations of 18 U.S.C. § 1344 (bank fraud) and/or 18 U.S.C. § 472 (uttering counterfeit obligations or securities), and/or property involved in money laundering, in violation of 18 U.S.C. §1957; subject to seizure pursuant to 18 U.S.C. §§ 981(b); 982(b), and 21 U.S.C. § 853(f) (incorporating 28 U.S.C. § 2461(c)), and subject to forfeiture pursuant to 18 U.S.C. §§ 981(a) and 982(a).

The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

>SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN.

Continued on the attached sheet and made a part hereof.    ☒ YES    ☐ NO

Diane Lucas
Asset Forfeiture Unit, Criminal Division
(202) 514-7912

Signature of Affiant
Ryan Petrasek, Special Agent
United States Secret Service

Sworn to before me, and subscribed in my presence

_____    at Washington, D.C.
Date

_____    _____
Name and Title of Judicial Officer    Signature of Judicial Officer

### AFFIDAVIT IN SUPPORT OF A SEIZURE WARRANT

I, Ryan James Petrasek, being duly sworn, depose and state as follows:

### ITEMS TO BE SEIZED

1. This affidavit is in support of a seizure warrant for the following items:

   a. funds in SunTrust Bank account # xxxxxxxxx9769, held in the name of Gerard Dulic, up to $80,000.00;

   b. funds in SunTrust Bank Account # xxxxxxxxx5981, held in the name of Eagle Nest Finance, up to $75,000.00; and

   c. funds in SunTrust Bank Account # xxxxxxxxx5661, held in the name of Eagle Express PD Loan, up to $25,000.00.

### AFFIANT'S EXPERIENCE

2. Your affiant in this matter, Ryan Petrasek, ("affiant"), is a Special Agent with the United States Secret Service (hereinafter referred to as "USSS"), which is part of the United States Department of Homeland Security. Your affiant has been with the USSS since April 2005 and is currently assigned to the United States Secret Service Metro Area Fraud Task Force ("MAFTF"). Prior to that, your affiant was employed for four years with the Washington, D.C., Metropolitan Police Department ("MPD") assigned to the Seventh District as a patrol officer. Your affiant has conducted numerous investigations involving financial crimes, including bank fraud, counterfeiting, wire and mail fraud, and uttering, and has participated in the execution of numerous search warrants and arrests as both a Special Agent and as a MPD Officer in the District of Columbia.

3. As a Special Agent with the USSS, your affiant attended a three-month training program at the Federal Law Enforcement Training Center in Glynco, Georgia. The affiant received training in Financial Crimes Investigations, Introduction to Computer Crimes,

Introduction to Computer Forensics, and other white collar investigations. In addition, at the U.S. Secret Service Training Academy in Beltsville, Maryland, your affiant has received training in counterfeit currency, counterfeit financial obligations, identity theft, access device fraud, computer related crimes, and asset forfeiture.

4. This affidavit is based on your affiant's personal knowledge through investigative techniques and, in part, upon information derived from statements made by witnesses and other law enforcement officers, representatives of financial institutions, and a review of bank records. This affidavit is not intended to include each and every fact related to this investigation. This affidavit only sets forth those facts necessary to support probable cause to support this application for a civil and criminal seizure warrant, and thus, it does not contain every fact known by me or the United States.

## PURPOSE OF APPLICATION AND LEGAL DISCUSSION

5. The MAFTF is investigating allegations that on January 30, 2008, Felita Phillips ("Phillips") deposited a $207,000.00 counterfeit check into a Bank of America ("BOA") account held in the name of Pearl Properties after the counterfeit check had previously been determined to be non-negotiable by PNC Bank. From the Pearl Properties' BOA account, Phillips withdrew funds traceable to the counterfeit check, and purchased a $198,202.00 cashier's check. Phillips deposited the cashier's check into a Fidelity & Trust Bank account which she controls in the name of A&A Real Estate. Phillips then wrote a check for $180,000 on the A&A Real Estate's Fidelity account to Gerard Dulic ("Dulic"). That check was deposited into one of Dulic's SunTrust Bank ("SunTrust") accounts. Dulic then transferred some of the proceeds ($100,000) from the counterfeit check from the first account into two other SunTrust accounts that he

controls.

6. This affidavit is submitted in support of seizing the above-listed funds by a civil and criminal seizure warrant pursuant to 18 U.S.C. § 981(b), 18 U.S.C. § 982(a), and 28 U.S.C. § 2461(c) (incorporating 21 U.S.C. § 853(f)).

## PROBABLE CAUSE

7. The investigation revealed that on or about November 7, 2007, an unknown individual attempted to deposit a counterfeit check, check # 004415, made payable to Pearl Properties for $207,000.00, into a PNC Bank account. PNC Bank refused to negotiate check # 004415 and stamped "Refer to Maker" (a phrase commonly used by banks to identify checks which are counterfeit, forged, drawn on non-existent or close accounts) on the front of the check. In addition, two holes were punched into the "MICR" line at the bottom of the check (a line of numbers indicating the bank, routing, and account numbers) in order to indicate the check's non-negotiability.

8. On or about January 30, 2008, that same counterfeit check, check # 004415, was successfully deposited at a BOA branch located at 5911 Blair Road, N.W., Washington D.C. Counterfeit check # 004415 was deposited into account # xxxxxxx1956, held in the name of Pearl Properties. When counterfeit check #004415 was deposited into the BOA's Pearl Properties' account, it still had the "Refer to Maker" stamp on the front of the counterfeit check; however, another unaltered "MICR" account line was affixed to the bottom of the check below the original hole-punched MICR account line.

9. Phillips is the sole signatory on the Pearl Properties' BOA account # xxxxxxx1956. The account balance of BOA account # xxxxxxx1956, before counterfeit check # 004415 was

3

deposited, was $9,292.00. BOA is a federally-insured financial institution with branches located in the District of Columbia, and elsewhere.

10. Counterfeit check # 004415 was purportedly drawn on an account held in the name of the Estate of Prince R. Walker at WestSound Bank located in Bremertown, W.A. Clarke Whitney, a representative of the Estate of Prince R. Walker informed a BOA bank investigator that counterfeit check # 004415 had not been properly issued, and that no checks for the estate's account had been stolen. Mr. Whitney stated that the WestSound Bank account for the Estate of Prince R. Walker had been closed in 2006. The investigation revealed that counterfeit check was dated November 7, 2007 and was computer-generated.

11. On February 8, 2008, Phillips withdrew $198,202.00 from Pearl Properties' BOA account # xxxxxxx1956. She used the funds from the counterfeit check to purchase a $198,202.00 BOA cashier's check, # 0303467, made payable to A&A Real Estate. Phillips deposited cashier's check # 0303467 into A&A Real Estate's Fidelity & Trust Bank ("Fidelity") account # xxxx9842. Phillips is the sole signatory on Fidelity account # xxxx9842.

12. On February 12, 2008, Phillips wrote check # 180 for $180,000.00 on A&A Real Estate's Fidelity account # xxxx9842. Check # 180 was made payable to Gerard Dulic ("Dulic"). On February 13, 2008, check #108 was deposited into SunTrust Bank ("SunTrust") account # xxxxxxxxx9769, held in the name of Dulic. Before the deposit of check # 180 on February 12, 2008, the balance of Dulic's SunTrust Bank account # xxxxxxxxx9769 was $757.26.

13. On February 22, 2008, Dulic transferred $75,000.00 by check from his SunTrust account # xxxxxxxxx9769 into SunTrust account # xxxxxxxxx5981, held in the name of Eagle Nest Finance. Dulic is the sole signatory on SunTrust account # xxxxxxxxx5981. Before the

4

$75,000.00 deposit, the balance in SunTrust account # xxxxxxxxx5981 was $51,091.59.  On June 4, 2008, the balance in SunTrust account # xxxxxxxxx5981 was $116,792.00.

      14.  On March 31, 2008, Dulic opened SunTrust account # xxxxxxxxx5661, held in the name of Eagle Express PD Loan, LLC, by depositing a $25,000.00 check from SunTrust account # xxxxxxxxx9769.  Dulic is also the sole signatory on SunTrust account # xxxxxxxxx5661.  As of June 4, 2008, the balance in SunTrust account # xxxxxxxxx5661 was $25,000.00.

## CONCLUSION

      15.  Based on the facts set forth in this affidavit, there is probable cause to believe that the funds in the above-listed SunTrust accounts are traceable to the proceeds of bank fraud, and/or uttering counterfeit obligations or securities, and/or constitutes property involved in money laundering, and is subject to seizure and civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of property constituting or derived from proceeds traceable to bank fraud (in violation of 18 U.S.C. § 1344), and uttering counterfeit obligations or securities (in violation of 18 U.S.C. § 472), and pursuant to 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any real or personal property that is involved in a money laundering offense in violation of 18 U.S.C. § 1957.

      16.  Based on the facts set forth in this affidavit, there is also probable cause to believe that the funds in the above-listed SunTrust accounts are subject to seizure and criminal forfeiture pursuant to 18 U.S.C. § 982(a)(2)(A), because the subject property is derived from proceeds of a bank fraud affecting a financial institution, and is subject to seizure and criminal forfeiture pursuant to 28 U.S.C. § 2461(c) (incorporating 21 U.S.C. § 853(f)), because it is traceable to proceeds of uttering counterfeit obligations or securities, and, pursuant to 18 U.S.C. § 982(a)(1)

which provides for the criminal forfeiture of any real or personal property that is involved in a money laundering offense in violation of 18 U.S.C. § 1957.

17. Title 18 U.S.C. § 984 provides that, in any forfeiture action *in rem* in which the subject property is cash [or] funds deposited into a financial institution, the government does not have to identify the specific property involved in the offense that is the basis for the forfeiture; it is no defense that said property has been removed and replaced by identical property; and identical property found in the same account as the property involved in the forfeiture offense are subject to forfeiture. In essence, § 984 allows the government to seize for civil forfeiture identical property found in the same place where the "guilty" property had been kept. However, § 984 does not allow the government to reach back in time for additional period without limitation; a forfeiture action against property not directly traceable to the offense that is the basis for the forfeiture cannot be commenced more than one year from the date of the offense.

18. Based in the information contained in this affidavit, it is requested that seizure warrants be issued for the funds in the above-listed accounts.

_____
Ryan James Petrasek
Special Agent
United States Secret Service

Sworn to and subscribed before me this \_\_\_\_ day of June, 2008.

_____
United States Magistrate Judge